NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0305n.06
Filed: April 20, 2005

No. 03-3773

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| JOHN DEMJANJUK, | ) | **O R D E R** |
| | ) | |
| Defendant-Appellant. | ) | |

**BEFORE:**    **COLE and CLAY, Circuit Judges, and COLLIER, District Judge.**[*]

**PER CURIAM.** This is the fourth opinion issued by this Court in Defendant-Appellant John Demjanjuk's attempt to prevent the revocation of his citizenship. *See United States v. Demjanjuk*, 367 F.3d 623, 627 (6th Cir. 2004) (cataloging decisions). The relevant procedural history to the instant appeal is as follows. On February 21, 2002, the district court revoked Demjanjuk's citizenship. *See United States v. Demjanjuk*, No. 1:99CV1193, 2002 WL 544622 (N.D. Ohio Feb. 21, 2002) (findings of fact and conclusions of law); *United States v. Demjanjuk*, No. 1:99CV1193, 2002 Wl 544623 (N.D. Ohio Feb. 21, 2002) (supplemental opinion). Demjanjuk filed an appeal of that decision on May 13, 2002, and this Court affirmed the district court in *United States v. Demjanjuk*, 367 F.3d 623. While that case was on appeal, Demjanjuk filed a motion for Fed. R. Civ.

---

[*]The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

P. 60(b) relief in the district court on February 12, 2003. The district court denied the motion for lack of jurisdiction on May 1, 2003. Demjankjuk now appeals that denial. We review a district court's denial of Rule 60(b) relief for an abuse of discretion. *Blue Diamond Coal Co. v. Trustees of the United Mine Workers of Am. Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

Prior case law clearly establishes that the district court did not abuse its discretion. As we have previously held:

> The filing of an appeal with this Court generally divests a district court of jurisdiction over the case. In the district court's discretion, however, it may enter an order stating that it is disposed to grant a Rule 60(b) motion, which would allow the requesting party to move this Court to remand the case, thereby once again vesting jurisdiction in the district court . . . . [T]he district court is under no obligation to issue such an order, and in fact [this appeal was characterized] as a 'procedural misstep' at oral argument. We agree. The district court did not abuse its discretion in refusing to rule on . . . [a] Rule 60(b) motion following . . . [an] appeal to this Court.

*Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville*, 274 F.3d 377, 403 (6th Cir. 2001) (internal citations omitted). Since Demjanjuk moved for Rule 60(b) relief after he filed a notice of appeal, the district court had no jurisdiction to entertain the motion, and was under no obligation to issue an order stating it was disposed to grant the Rule 60(b) motion.

In any event, this Court finds that the merits of Demjanjuk's instant Rule 60(b) motion are not well-taken. Demjanjuk seeks relief under Rule 60(b)(1) (mistake), Rule 60(b)(2) (newly discovered evidence) and Rule 60(b)(6) (other reasons justifying relief). Demjanjuk argues that a document known as the "Vanya letter" contains a signature that is inconsistent with his signature on his Trawinki Prison Camp identity card. However, Demjanjuk has had the relevant documents in his possession since 1981, during his first defense of the government's attempt to revoke his

citizenship. Accordingly, the time has long passed for him to seek relief under either Rule 60(b)(1) and Rule 60(b)(2). *See* Fed. R. Civ. P. 60(b) (noting that (b)(1) and (b)(2) motions must be made within a year from entry of judgment). Nor can Demjanjuk assert that there are "extraordinary or exceptional circumstances" sufficient to support relief under Rule 60(b)(6). *See Blue Diamond Coal Co.*, 249 F.3d at 524. Demjanjuk's prior failure to claim that the Vanya letter undermined the credibility of other documents, given his two-decade possession of these documents, simply cannot be considered an "unusual and extreme situation[] where principles of equity *mandate* relief." *Id.* (internal quotes removed) (emphasis in original).

Accordingly, we **AFFIRM** the district court's denial of the Rule 60(b) motion.